

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,553-01

### EX PARTE JORGE NAPOLES-PEREZ, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 2014CRO000874D2(A) IN THE 111TH DISTRICT COURT
## FROM WEBB COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of attempted capital murder, one count of robbery, and three counts of aggravated robbery. He was sentenced to imprisonment for five terms of life and one term of ten years.

Applicant contends that trial counsel failed, among other things, to consult with him and explain the advantages and disadvantages of an appeal. *See Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988) ("[T]rial counsel, retained or appointed, has the duty, obligation and responsibility to consult with and fully to advise his client concerning meaning and effect of the

judgment rendered by the court, his right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing his professional judgment as to possible grounds for appeal and their merit, and delineating advantages and disadvantages of appeal.").

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond and explain whether he complied with *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988).[1] The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied his right to a meaningful appeal because trial counsel failed to comply with *Ex parte Axel*. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

---

[1] In its response, the State cited *Frazer v. South Carolina*, 430 F.3d 696, 705 (4th Cir. 2005), as authority for trial counsel's duties regarding direct appeal. This Court is not bound by decisions from the Fourth Circuit. *Ex parte Axel* is the controlling case law.

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:  June 27, 2018
Do not publish